IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
September 21, 2010 Session

**ANDRE L. MAYFIELD v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 93-B-687    Seth Norman, Judge**

_____

**No.  M2009-02640-CCA-R3-CO - Filed November 12, 2010**

_____

Petitioner, Andre L. Mayfield, filed a petition for writ of error coram nobis, challenging his convictions for aggravated robbery, aggravated rape, rape, and two counts of aggravated kidnapping based on newly discovered evidence.  The coram nobis court summarily dismissed the petition without a hearing.  Petitioner appeals.  We determine that the coram nobis court properly dismissed the petition after finding that the "newly discovered" evidence relied upon by Petitioner would have provided "insignificant assistance to the defense of the charges" had it been presented at trial.  Accordingly, the judgment of the coram nobis court dismissing the petition is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Ronald C. Small, Nashville, Tennessee, for the appellant, Andre L. Mayfield.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

_Factual Background_

This case presents a rather protracted procedural history, starting in 1993, when Petitioner pled guilty to three counts of aggravated rape and one count of aggravated robbery. Petitioner was sentenced to twenty years for each rape conviction and ten years for the

aggravated robbery conviction. The sentences were ordered to be served concurrently. Subsequently, the Department of Correction determined that Petitioner was a multiple rapist and should have been sentenced as such, rather than as a Range I, standard offender. Petitioner was permitted to withdraw his guilty pleas. In 1999, Petitioner was tried and convicted of two counts of aggravated kidnapping, as well as one count of aggravated rape, one count of aggravated robbery, and one count of rape. He received an effective sentence of fifty years. *See State v. Andre L. Mayfield*, No. M1999-02415-CCA-R3-CD, 2001 WL 637700, at *1, (Tenn. Crim. App., at Nashville, June 11, 2001), *perm. app. denied*, (Tenn. Oct. 29, 2001).

In January of 2004, Petitioner sought habeas corpus relief, alleging that his convictions were void and obtained in violation of the double jeopardy clause and due process. Additionally, Petitioner argued that he received ineffective assistance of counsel and was denied the right to testify. *See Andre Lamont Mayfield v. State*, No. M2004-01408-CCA-R3-HC, 2005 WL 1683498, at *1 (Tenn. Crim. App., at Nashville, Jul. 18, 2005), *perm. app. denied*, (Tenn. Feb. 6, 2006). On appeal this Court affirmed the denial of habeas corpus relief. *Id*. at *3.

In July of 2004, Petitioner again sought habeas corpus relief, this time arguing, among other things that his sentences were void and in direct contravention of state statutes. *See Andre L. Mayfield v. Howard Carlton*, No. E2005-00138-CCA-R3-HC, 2005 WL 1798636, at *1 (Tenn. Crim. App., at Knoxville, Jul. 29, 2005), *perm. app. denied*, (Tenn. Dec. 19, 2005). This opinion references a third petition for habeas corpus relief that appeared in the technical record. *Id*. at *1 n.1. Again, this Court affirmed the denial of habeas corpus relief. *Id*. at *6.

Petitioner then sought relief via a petition for post-conviction relief. In December of 2000 and October of 2002, Petitioner filed petitions for post-conviction relief. *See André Lamont Mayfield v. State*, No. M2005-00757-CCA-R3-PC, 2006 WL 2380615, at *2 (Tenn. Crim. App., at Nashville, Aug. 16, 2006). Petitioner argued that the trial court did not have authority to set aside his guilty pleas, that he received ineffective assistance of counsel, that his convictions were void, that his sentencing as a multiple rapist violated due process, and that he had been denied the right to testify at trial. *Id*. This Court determined that several of the arguments advanced by Petitioner had previously been resolved on appeal, including Petitioner's argument that the trial court was without authority to set aside the guilty pleas and Petitioner's argument that his sentence violated due process. *Id*. at *6-8. This Court affirmed the denial of post-conviction relief by concluding that the "post-conviction court provided a fair hearing to the petitioner and thoroughly considered his claims." *Id*. at *9.

Petitioner filed a fourth petition for habeas corpus relief. This time, Petitioner alleged his convictions were void because they violated Tennessee Code Annotated section 40-20-111(b) and Rule 32(c)(3)(C) of the Tennessee Rules of Criminal Procedure. *See Andre L. Mayfield v. Howard Carlton*, No. M2006-00885-CCA-R3-HC, 2006 WL 3290818, at *1 (Tenn. Crim. App., at Nashville, Nov. 13, 2006). This Court determined that Petitioner was not entitled to habeas corpus relief because the sentences about which he was complaining had already expired and because Petitioner had "already challenged the legality of his restraint . . . [and] is not entitled to a second adjudication of the same habeas corpus claim." *Id.* at *2 (citing T.C.A. § 29-21-107(b) and *Hickman v. State*, 153 S.W.3d 16, 20-21 (Tenn. 2004)).

Petitioner again sought habeas corpus relief in 2005. *Andre L. Mayfield v. State*, No. E2005-02154-CCA-R3-HC, 2006 WL 3313637, at *1 (Tenn. Crim. App., at Knoxville, Nov. 15, 2006). "The gist of the petitioner's claim [was] that his 1999 judgments [were] void because the judgment forms for counts 2 through 5 do not reflect that the trial court awarded . . . any pretrial jail credits . . . ." *Id.* This Court concluded that there was nothing in the record to support Petitioner's claim and affirmed the judgment of the trial court dismissing the petition. *Id.* at *2.

Sometime thereafter, Petitioner filed an action under 28 U.S.C. § 2254, seeking habeas corpus relief in federal court, to set aside his convictions for aggravated rape, aggravated kidnapping, and aggravated robbery. As part of his petition, Petitioner argued that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by the prosecutor's failure to disclose an allegedly exculpatory statement made by one of the rape victims. This claim was based on the discovery of a Metropolitan Police Department field report on the rape of Roesheka Alexander. The report contained a check-list of various categories by which a person could be described. Petitioner argued that the report constituted exculpatory evidence with which Petitioner could have challenged the trial court's refusal to sever the offenses as well as used to impeach the testimony of the victim. The federal court ordered Petitioner to file an appropriate state action, as the state claims had not been exhausted with respect to this issue. The federal district court entered its order on August 26, 2009.

On October 14, 2009, Petitioner filed the petition for writ of error coram nobis that is the subject of the appeal herein. In the petition for writ of error coram nobis, Petitioner claimed that "new evidence that the State withheld from defense counsel" showed that "contrary to rape victim Rosheka Alexander's trial testimony, her assailant wore a partial cloth mask" and had a "scar on his mouth" and talked with a "stutter." Petitioner alleged that in 2007, his counsel found a copy of a police report from an interview with the victim that contained a checklist of descriptors the victim gave for the assailant. Petitioner acknowledged that the petition for writ of error coram nobis was untimely but argued that

due process called for a tolling of the statute of limitations because the interests of Petitioner outweighed the interests of the State. Petitioner argued that the report was both exculpatory and material in that a reasonable probability exists that, had the evidence been disclosed, the result of the trial would have been different. As a result, Petitioner sought a new trial.

In an order filed December 10, 2009, the coram nobis court dismissed the petition. The court determined that:

> Despite the fact that some of the details listed in the field description report may not mirror the testimony of Ms. Alexander, the proof against the Petitioner in this case was overwhelming. Ms. Alexander provided the police with sufficient descriptive information to assist in the preparation of a composite sketch of her attacker and identified the Petitioner at both physical and photographic line-ups. In the vacant house where the incident occurred, fingerprints matching those of the Petitioner were found on the window sill where Ms. Alexander said the attacker exited. Prior to leaving, the assailant gave Ms. Alexander a piece of paper on which he had written his name and phone number. Furthermore, the man introduced himself as "Dray" to Ms. Alexander before kidnapping and raping her.
>
>     . . . .
>
> In the opinion of the Court, the newly discovered information submitted by the Petitioner would have provided insignificant assistance in defense of the charges had it been presented at trial. The amount and quality of inculpatory evidence substantially outweighed any potentially exculpatory evidence at trial. It is no question that a jury would return the same if not worse, verdict if the matter were tried today and the Petitioner were permitted to introduce the information he recently discovered.

Petitioner filed a timely notice of appeal. On appeal, he argues that: (1) the coram nobis statute provides a remedy for the claim of withheld evidence where the police report is exculpatory and material; and (2) he is entitled to relief because there is a reasonable probability that the withheld evidence "may have resulted in a different judgment."

*Analysis*

*Timeliness*

A petition for writ of error coram nobis must usually be filed within one year after the judgment becomes final. *See* T.C.A. § 27-7-103; *State v. Mixon*, 983 S.W.2d 661, 670 (Tenn. 1999); *Freshwater v. State*, 160 S.W.3d 548, 553 (Tenn. Crim. App. 2004). It has been determined that a judgment becomes final, for purposes of coram nobis relief, thirty days after the entry of the judgment in the trial court if no post-trial motion is filed, or upon entry of an order disposing of a timely filed post-trial motion. *Mixon*, 983 S.W.2d at 670. It has been explained that:

> The grounds for seeking a petition for writ of error coram nobis are not limited to specific categories, as are the grounds for reopening a post-conviction petition. Coram nobis claims may be based upon any "newly discovered evidence relating to matters litigated at the trial" so long as the petitioner also establishes that the petitioner was "without fault" in failing to present the evidence at the proper time. Coram nobis claims therefore are singularly fact-intensive. Unlike motions to reopen, coram nobis claims are not easily resolved on the face of the petition and often require a hearing. The coram nobis statute also does not contain provisions for summary disposition or expedited appeals . . . . Although coram nobis claims also are governed by a one-year statute of limitations, the State bears the burden of raising the bar of the statute of limitations as an affirmative defense. *See Sands v. State*, 903 S.W.2d 297, 299 (Tenn. 1995).

*Harris v. State*, 102 S.W.3d 587, 592-93 (Tenn. 2003).

At the outset, we note that in the case herein, Petitioner acknowledged in his petition for coram nobis relief that the petition "must be filed within one year of the judgment becoming final in the trial court" and that this occurred "sometime in 2000." Petitioner did not file his petition until October of 2009. However, Petitioner urged trial court to deem the statute of limitations tolled because of the nature of Petitioner's claim.

Upon our review of the pleadings, we conclude that the record does not show that the State raised the statute of limitations as a bar to coram nobis relief in the trial court. The State, in its brief on appeal, argues that it "was not afforded an opportunity to assert the affirmative defense [of statute of limitations] in the trial court because the petition was dismissed sua sponte by the trial court without a motion from the state and without a hearing." Thus, the State argues that the affirmative defense "should not be deemed waived"

as it is "being raised at the first practicable moment." To the contrary, the record reveals that the State had 57 days between service of the petition for writ of error coram nobis and the filing of the order dismissing the petition for relief in the trial court and, for whatever reason, did not raise the statute of limitations as a bar to the writ. Further, the trial court, in denying the petition at issue herein, did not determine whether the principles of due process overrode the statute of limitations. *See Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001) (stating that the principles of due process may preclude the use of the statute of limitations to bar a coram nobis claim). Instead, the trial court determined that the newly discovered evidence would not have resulted in a different judgment. In other words, the trial court determined that Petitioner was not entitled to coram nobis relief. The State's failure to raise the statute of limitations in the trial court and the trial court's failure to address the timeliness of the petition in its final order dismissing the petition direct our review of the issues on appeal. Accordingly, we will consider the merits of Petitioner's issues on appeal. *See e.g. Phedrek T. Davis v. State*, No. M2009-02310-CCA-R3-CO, 2010 WL 3270015, at *2 (Tenn. Crim. App., at Nashville, Aug. 19, 2010) (deeming statute of limitations defense waived for failure to raise it in the trial court and not addressing timeliness of petition on appeal); *Calvin O. Tankesly v. State*, No. M2004-01440-CCA-R3-CO, 2005 WL 2008203, at *6 (Tenn. Crim. App., at Nashville, Aug. 19, 2005), *perm. app. denied*, (Tenn. Feb. 6, 2006) (determining that State waived statute of limitations defense for failing to prosecute).

*Coram Nobis Relief*

Petitioner argues on appeal that he is entitled to coram nobis relief because the State withheld evidence that was both exculpatory and material that may have resulted in a different judgment had the evidence been available to Petitioner at trial. The State, on the other hand, argues that Petitioner's claim under *Brady v. Maryland*, is not congnizable in a coram nobis proceeding and, in any event, the police report would not have been admissible at trial. Therefore, according to the State, the trial court did not abuse its discretion.

Relief by petition for writ of error coram nobis is provided for in Tennessee Code Annotated section 40-26-105. That statute provides, in pertinent part:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have

-6-

resulted in a different judgment, had it been presented at the trial. The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause.

T.C.A. § 40-26-105. The writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *Mixon*, 983 S.W.2d at 672. The "purpose of this remedy 'is to bring to the attention of the court some fact unknown to the court which if known would have resulted in a different judgment.'" *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995) (quoting *State ex rel. Carlson v. State*, 407 S.W.2d 165, 167 (Tenn. 1996)). The decision to grant or deny a petition for writ of error coram nobis rests within the sound discretion of the trial court. *Teague v. State*, 772 S.W.2d 915, 921 (Tenn. Crim. App. 1988), *overruled on other grounds by Mixon*, 983 S.W.2d at 671 n.3.

A petition for writ of error coram nobis must relate: (1) the grounds and the nature of the newly discovered evidence; (2) why the admissibility of the newly discovered evidence may have resulted in a different judgment had the evidence been admitted at the previous trial; (3) the petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and (4) the relief sought by the petitioner. *Freshwater*, 160 S.W.3d at 553; *Hart*, 911 S.W.2d at 374-75. To be successful on a petition for a writ of error coram nobis, "the standard to be applied is whether the new evidence, if presented to the jury, may have resulted in a different outcome . . . ." *State v. Vasquez*, 221 S.W.3d 514, 526 (Tenn. 2007).

Initially, we must address the State's argument that Petitioner's allegations of violations of *Brady v. Maryland* are not appropriately addressed in a coram nobis proceeding. Specifically, citing *Hershell Kinnaird v. State*, No. M2000-00037-CCA-R3-PC, 2001 WL 881371, at *5 (Tenn. Crim. App., at Nashville, Aug. 7, 2001) ("*Kinnaird II*"); *Jeffrey Scott Miles v. State*, No. 03C01-9903-CR-00103, 2000 WL 2647, at *2 (Tenn. Crim. App., at Knoxville, Aug. 7, 2001); *State v. Eric Pendleton*, No. M2003-01762-CCA-R3-CD, 2004 WL 1144040, at *2 (Tenn. Crim. App., at Nashville, May 20, 2004), *perm. app. denied*, (Tenn. Nov. 8, 2004), *reh'g denied*, (Tenn. Dec. 20, 2004); *Gregory Hedges v. State*, No. E2002-02610-CCA-R3-PC, 2003 WL 22426831 (Tenn. Crim. App., at Knoxville, Oct. 24, 2003); and *State v. Hershell Kinnaird*, No. 01C01-9404-CC-00149, 1995 WL 382612 (Tenn. Crim. App., at Nashville, Jun. 28, 1995), *perm. app. denied*, (Tenn. Feb. 5, 1996), the State argues that "*Brady* claims[ ] are not cognizable in a coram nobis proceeding." The State acknowledges this Court's opinions in *Freshwater v. State*, 160 S.W.3d 548 (Tenn. Crim. App. 2004); *Arthur L. Armstrong v. State*, No. M2005-01325-CCA-R3-CD, 2006 WL 1626726 (Tenn. Crim. App., at Nashville, Jun. 8, 2006); and *Antonio Bonds v. State*, No.

W2006-00343-CCA-R3-C), 2006 WL 3516225, at *4 (Tenn. Crim. App, at Jackson, Dec. 6, 2006), *perm. app. denied*, (Tenn. Apr. 16, 2007), are contrary to the State's argument.

Obviously, this is not a novel issue before this Court. In *Freshwater v. State*, 160 S.W.3d 548 (Tenn. Crim. App. 2004), the State raised the identical issue in the context of a coram nobis claim. In response to the argument that alleged *Brady* violations are not appropriate for coram nobis relief, this Court discussed the *Kinnaird II* case in depth, stating:

> We agree that this Court determined in Kinnaird's case that "coram nobis is not a forum for the determination of a constitutional issue." However, according to the statute, coram nobis relief is appropriate for "matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on a writ of error, or in a habeas corpus proceeding." Tenn. Code Ann. § 40-26-105; *Kinnaird*, 2001 WL 881371, at *5. In *Kinnaird*, the defendant had raised the issue of the withheld evidence in both a motion for new trial and a corum nobis proceeding and the trial court had made "specific findings with respect to the . . . [exculpatory evidence] and ruled that the State's withholding of the statement did not justify a new trial under *Brady*." 2001 WL 881371, at *5. Moreover, we also note that *Kinnaird* was decided several months after the supreme court's decision in *Workman*, yet the *Kinnaird* opinion does not reference or cite *Workman* even though *Workman* dealt with a similar issue - a coram nobis proceeding predicated on evidence that was unavailable at the time of the defendant's trial due to alleged suppression by the State. *See Kinnaird*, 2001 WL 881371, at *1-*4. We feel this seriously calls into question the *Kinnaird*'s panel reliance on the earlier *Kinnaird* decision that determined *Brady* violations are not appropriate for coram nobis relief. *See Kinnaird*, 2001 WL 881371, at *6 (relying on *Kinnaird*, 1995 WL 382612, at *4, to conclude that allegations of *Brady* violations are not appropriate in a coram nobis proceeding).

160 S.W.3d at 555.

Contrary to the State's argument, *Freshwater*, as a reported opinion by this Court, is controlling authority. Thus, we will utilize the same analysis set forth therein to review Petitioner's claim for relief. In the case herein, Petitioner's allegations of the newly discovered evidence in the context of violations of *Brady v. Maryland*, were not, and could not have been, litigated previously. Despite Petitioner's discovery request prior to trial, the existence of the allegedly exculpatory police report was not discovered until early 2007 when current counsel for Petitioner obtained a copy of the original District Attorney file and found

the report.  Further, the holdings of this Court in *Freshwater* and *Workman*, again, both reported cases from this Court, discuss coram nobis relief in the context of suppressed exculpatory evidence that also might amount to new evidence of innocence.

Despite Petitioner's argument being deemed a proper ground for coram nobis relief, we affirm the trial court's dismissal of the petition.  Petitioner has failed to show, as required, that that the newly discovered evidence "may have resulted in a different judgment had the evidence been admitted at the previous trial."  *Hart*, 911 S.W.2d at 374-75.  Again, the evidence of Petitioner's guilt was overwhelming.  With respect to the rape of Rosheka Alexander, the evidence at trial indicated that Ms. Alexander "twice identified [Petitioner] before trial, at a photographic line-up and at a physical line-up, and [the State] introduced as an exhibit a composite drawing of Alexander's attacker.  In addition, fingerprints found in the house where Alexander testified that the rape occurred were compared with [Petitioner's] fingerprints, and . . . the prints matched."  *Andre L. Mayfield*, 2001 WL 637700, at *9. Further, as noted by the trial court in the order dismissing the writ, "prior to leaving [the scene of the rape], the assailant gave Ms. Alexander a piece of paper on which he had written his name and phone number.  Furthermore, the man introduced himself as "Dray" . . . before kidnapping and raping her."  We are unable to conclude that, had Petitioner been privy to the police report prior to trial, the evidence may have resulted in a different judgment.  Petitioner is not entitled to relief.  The judgment of the trial court is affirmed.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE